## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

### CASE NO.:

6:14-CV-1663-ORL-40-DAB

THOMAS JONES, an individual,

       Plaintiff,

v.

PHH MORTGAGE CORPORATION, f/k/a CENDANT
MORTGAGE CORPORATION, a New Jersey
Corporation

       Defendant.

_____/

### COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
### DEMAND FOR JURY TRIAL

Plaintiff, THOMAS JONES, (**"Plaintiff"**), by and through undersigned counsel, sues the

Defendant, PHH MORTGAGE CORPORATION f/k/a CENDANT MORTGAGE

CORPORATION, (**"Defendant"**) and in support thereof respectfully alleges the following:

1.    Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C.

§227 *et seq*. ("TCPA") and the Florida Consumer Collections Practices Act, Chapter 559, *et seq*.

("FCCPA").

### JURISDICTION AND VENUE

2.    This Court has original jurisdiction under 28 U.S.C. §1331 and supplemental

jurisdiction exists for the FCCPA claims pursuant to 28 U.S.C. §1367.

3.     Venue in this District is proper under 28 U.S.C. §1391(b)(2) and (3) because the Defendant transacts business in Orange County, Florida, the statutory violations set forth herein occurred in Orange County, Florida, a substantial part of the events giving rise to the claim occurred in this District and because Defendant is subject to this Court's personal jurisdiction with respect to these actions.

## PARTIES

4.     Plaintiff, Thomas Jones, is a natural person, and citizen of the State of Florida, residing in Orange County, Florida.

5.     At all times material, Defendant, PHH Mortgage Corporation f/k/a Cendant Mortgage Corporation, is a corporation and a citizen of the State of New Jersey with its principal place of business at 1 Mortgage Way, Mt. Laurel, NJ 08054.

6.     Defendant is in the business of providing mortgage services to consumers and regularly services, originates, processes, closes and attempts to collect on consumer mortgage loans as applicable.

## GENERAL ALLEGATIONS

7.     On or about July 7, 2004, Defendant made a mortgage loan to Plaintiff under Loan Number XXXXXX7612 in the amount of $360,000.00 ("Loan") for Plaintiff's purchase of his residence located in Orlando, Florida.  A true and correct copy of the promissory note (the "Note") is attached hereto as Exhibit "A".

8.     Pursuant to the Note, Plaintiff agreed to pay Defendant monthly installments on the Note no later than the First (1st) of each month ("Monthly Payment").  *See Paragraph 3, Exhibit "A".*

2

9.     Pursuant to the Note, Plaintiff agreed to remit a late charge if Plaintiff did not render his Monthly Payment to the Defendant by the Fifteenth (15th) of each month ("Grace Period"). *See Paragraph 6, Exhibit "A".*

10.     Plaintiff acknowledged that he would be in default of the Loan if he did not pay the full amount of each Monthly Payment before the expiration of the Grace Period. *See Paragraph 6, Exhibit "A".*

11.     Since entering into the Loan, Plaintiff has never defaulted on the Note, nor has he incurred any late charges or penalties on the Note as all of his payments have been made not later than the conclusion of the Grace Period. *See Paragraph 6, Exhibit "A".*

12.     Despite Plaintiff's established history of making on-time payments (in all cases prior to the expiration of the Grace Period) under the Note and Plaintiff remaining current with his Monthly Payments, commencing on or about January 2013, Defendant repeatedly contacted Plaintiff on his cellular telephone in an attempt to collect on the Note.

13.     The calls received by Plaintiff left a pre-recorded message, stating as follows: "This is the Mortgage Service Center.  We have a message for Thomas Jones.  You can contact us [from days and hours of operation] at 800-449-8767.  [Repeat]".

14.     Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number twenty-seven (27) times, and sometimes calling two (2) times per day, from January, 2013 through April, 2014 with such frequency as can reasonably be expected to harass, all in an effort to collect Monthly Payments which were not in default.

15.     Upon information and belief, each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" ("ATDS") which has the capacity to store

3

or produce telephone numbers to be called using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C. §227(a)(1) (hereinafter "autodialed collection calls") whereby each time Plaintiff or Plaintiff's voice messaging system answered one of Defendant's calls an automated or prerecorded message would immediately begin to play, and state in the same tone and manner each time, the following message: "This is the Mortgage Service Center. We have a message for Thomas Jones. You can contact us [from days and hours of operation] at 800-449-8767. [Repeat]".

16.    Each of the autodialed collection calls the Defendant made to the Plaintiff's cellular telephone number was done without cause and without the "prior expressed consent" of the Plaintiff.

17.    Plaintiff is the subscriber, regular user and owner of the cellular telephone to which the autodialed collection calls were received, and was the called party and recipient of Defendant's autodialed collection calls.

18.    The autodialed collection calls made by the Defendant came from telephone numbers which included, but are not limited to: (407) 641-5448; (407) 641-5432; (407) 641-5444; and (800) 449-8767.

19.    After receiving several of these autodialed collection calls, on August 9, 2013, Plaintiff contacted Defendant and spoke with Manuela Oximerca ("Oximerca"), a customer service representative. Upon Oximerca answering the telephone call from Plaintiff, Plaintiff inquired as to which Department it was at Defendant's business that was continuously making autodialed collection calls to Plaintiff's cell phone. Oximerca notified Plaintiff that the autodialed collection calls to Plaintiff were from Defendant's Collections Department. Upon

4

learning that this was the Defendant's Collections Department, the Plaintiff next inquired why he was receiving autodialed collection calls because he did not believe he was in default of the Loan. Oximerca advised Plaintiff that these were "reminder" calls. In response, Plaintiff requested Defendant immediately cease and desist all autodialed collection calls to Plaintiff. Additionally, Plaintiff demanded, among other things, written proof of his alleged default and written confirmation that the autodialed collection calls would stop.

20.     Despite Oximerca's assurances that the autodialed collection calls would stop, they continued and on or about February 6, 2014, Plaintiff contacted Defendant again. This time Plaintiff spoke to Micah Ronquillo ("Ronquillo"), a different customer service representative. Plaintiff provided Ronquillo a synopsis of the conversation he had with Oximerca and again advised Ronquillo that Defendant was to, among other things, immediately cease and desist all autodialed collection calls to Plaintiff.

21.     Notwithstanding Plaintiff's attempts to put an end to Defendant's autodialed collection calls, Defendant's autodialed collection calls to Plaintiff's cellular phone continued.

22.     Despite actual knowledge of their wrongdoing, Defendant continued the campaign of autodialed collection calls well-beyond August, 2013, when Plaintiff first advised Defendant that he was not in default of the Loan and that Defendant should cease and desist from any further autodialed collection calls.

23.     Defendant knowingly employed methods and/or has a corporate communications and collections policy designed to harass and abuse consumers such as Plaintiff by utilizing its ATDS in a manner that allows such calls to continue even after a consumer's request that they cease.

24.     Defendant's past conduct of making calls to Plaintiff knowing that Plaintiff was not in default of the Loan, and knowing that Plaintiff requested that the autodialed collection calls stop, evinced a knowing and/or reckless disregard for the privacy rights of Plaintiff.

25.     Defendant knowingly employed methods that did not permit the cessation of, or suppression of, autodialed collection calls to Plaintiff's cellular phone.

26.     None of Defendant's autodialed collection calls to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227 (b)(1)(A).

27.     Rather, the autodialed collection calls to Plaintiff were for the purpose of collecting a debt that Plaintiff knew was not in default and had never been in default; or Defendant recklessly disregarded the same.

28.     Defendant willfully or knowingly violated the FCCPA and the TCPA.

29.     As a result of Defendant's numerous autodialed collection calls, Plaintiff has suffered statutory damages and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

30.     At all times herein, the Loan was a "Consumer Debt", as that term is defined by Florida Statute §559.55(1).

31.     At all material times, the Defendant was a "Creditor" as defined by Florida Statute §559.55(3).

32.     At all times herein, Defendant's autodialed collection calls qualified as "Communication" as defined by Florida Statutes §559.55(5).

33.     At all material times herein, Defendant acted on its own, or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and/or insurers.

34.     All necessary conditions precedent to the filing of this action have occurred or have been waived by Defendant.

35.     Plaintiff has hired the undersigned firm to prosecute this action and has agreed to pay the firm a reasonable attorney's fee.

**COUNT I**
**Violation of the "TCPA"**
**47 U.S.C. §227(b)(1)(A)(iii)**

Plaintiff re-alleges and incorporates Paragraphs one (1) through (35) above as though fully stated herein.

36.     Defendant is subject to, and has violated the provisions of, 47 U.S.C. §227(b)(1)(A)(iii) which states that it shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States:

> A.     to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system ("ATDS") or an artificial prerecorded voice

> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

37.     Specifically, Defendant placed twenty-seven (27) calls, sometimes two (2) calls per day, to Plaintiff's cellular telephone utilizing an ATDS without Plaintiff's prior express consent, which calls were not made for any emergency purpose.

38.     The calls were placed willfully or knowingly within the meaning of those terms under the TCPA.

7

39.    The aforesaid calls were therefore made in violation of the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant for:

a.    Statutory damages of $500 per call for each call placed in violation of the TCPA;

b.    Additional damages of up to $1500 per call for each call held to be placed willfully or knowingly;

c.    An injunction requiring Defendant to cease immediately all communications in violation of the TCPA;

d.    Costs and reasonable attorney's fees to the extent provided for by law;

e.    Actual damages suffered by Defendant; and

f.    Such other and further relief as the Court may deem appropriate.

### COUNT II
**Violation of the "FCCPA"**
**Florida Statutes, §559.72(7) and (9)**

40.    Plaintiff re-alleges paragraphs one (1) though (35) as if fully stated herein.

41.    Defendant is subject to, and has violated provisions of Florida Statute §559.72(7) prohibiting:

a.    willfully communicating with the Plaintiff with such frequency as can reasonably be expected to abuse or harass the Plaintiff.

42.    Specifically, Defendant contacted and harassed Plaintiff twenty-seven (27) times, sometimes two (2) times per day, despite having actual knowledge that Plaintiff was neither late

8

nor in default on any of his Monthly Payments and after being advised by Plaintiff to immediately cease such communications.

43.     Defendant's willful and flagrant violation of the FCCPA as a means to collect a Consumer Debt constitutes unlawful conduct and communications with such frequency as can reasonably be expected to abuse or harass Plaintiff in violation of Florida Statutes §559.72(7).

44.     Defendant is also subject to, and has also violated provisions of, Florida Statute §559.72(9) prohibiting:

> claiming, attempting, or threatening to enforce a debt as to Plaintiff, when Defendant knew that the debt was not legitimate.

45.     Specifically, despite having received from Plaintiff all Monthly Payments in a timely manner pursuant to the Note, Defendant made numerous autodialed collection calls to Plaintiff's cellular phone in an attempt to collect on an illegitimate debt that was not, and never has been, in default.

46.     Further, by repeatedly making autodialed collection calls to Plaintiff's cellular phone to demand payment knowing that Plaintiff was current on his Monthly Payments and not in default, Defendant asserted that it had a right to collect a past-due payment that did not exist.

47.     As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Florida Statutes, §559.77.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant for:

SAAVEDRA | GOODWIN | 312 SOUTHEAST 17TH STREET, 2 FL | FORT LAUDERDALE, FL 33316 | (954) 767-6333

a.   Statutory damages of $1000 per call for each call placed in violation of the FCCPA;

b.   punitive damages;

c.   An injunction requiring Defendant to cease immediately all communications in violation of the FCCPA;

d.   Costs, interests and attorney's fees pursuant to F. S. §559.77;

e.   Actual damages suffered by Defendant; and

f.   Such other and further relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this **10th** day of October, 2014.

Respectfully submitted,

*By:     /s/ Andrew D. Wyman*
Andrew D. Wyman, Esq.
FBN: 326010
**SAAVEDRA | GOODWIN**
*Attorneys for Plaintiff*
312 SE 17th Street, Second Floor
Fort Lauderdale, Florida 33316
Tel: (954) 767-6333
Fax: (954) 767-8111
Email: AWyman@saavlaw.com